**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 11-20551

BRANDON RAY JOHNSON, et al.,

        Defendants.

_____/

**ORDER DENYING BRANDON RAY JOHNSON'S MOTION FOR DISCOVERY**

Pending before the court is Defendant Brandon Ray Johnson's motion for discovery, in which Defendants Tico Mason, Kacee Porter, Vernon Mason IV, Cortez Harris, Delanoy Mason, and Elizabeth Barker have joined or occurred. The Government responded and submitted to the court for *in camera* review unredacted versions of the discovery already voluntarily disclosed to Defendants. The court held a hearing on the motion on April 5, 2012. After reviewing the briefs and unredacted discovery, the court will deny the motion.

The Government alleges that beginning in December 2009 and continuing until their arrest, Defendants operated an Oxycontin distribution ring. Defendants are alleged to have obtained large quantities of Oxycontin pills in Detroit, Michigan, which they then transported to Portsmouth, Ohio, to illegally distribute. Defendants are each charged with conspiring to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

On October 4, 2011, Defendant Johnson requested discovery materials from the Government. In response to the request, the Government provided approximately 145

pages of discovery to the Defendants. The discovery consisted of seventeen FBI 302 memoranda relating to the statements of eight individuals, several police reports, a search warrant and affidavit, and photocopies of paper exhibits. The documents as disclosed were redacted so as to obliterate the names of individuals interviewed by the authorities, the names of uncharged individuals, and evidence of criminal activities unrelated to the case. In his motion, Defendant Johnson argues that as a result of the Government's redactions, a large portion of the discovery is indecipherable, meaningless, and impinges upon his ability to prepare a defense. He seeks an order that requires the Government to provide unredacted versions of the discovery, or, in the alternative, to justify the redactions to the court *in camera*. On March 23, 2012, in response to Defendant Johnson's request for *in camera* review, the Government submitted under seal unredacted[1] versions of the discovery documents for review.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, "in most criminal prosecutions, the *Brady* rule, [Federal Rule of Criminal Procedure] 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). While Defendant Johnson criticizes the Government's method of producing discovery in this case, claiming that the redactions in the produced discovery "make particular reports meaningless and frustrates the Defendant in his attempt to prepare his case," (Def. Johnson's Mot. Discovery 1, Dkt. # 91), he does not demonstrate any entitlement to the requested

---

[1]The portions of the material that was redacted in the version given to Defendants was marked with highlighter in the version given to the court.

relief, *i.e.*, unredacted versions of the various witness statements and reports, under the limited regime of discovery in criminal cases.

To the extent that Defendant Johnson seeks disclosure of the "substantive information . . . associated with all 8 witnesses for whom investigative reports have been disclosed," (Def. Johnson's Reply 2, Dkt. # 111), such a request at this juncture is expressly precluded by the Jencks Act, 18 U.S.C. § 3500, which provides, in part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Indeed, the language at the heart of the statute is so striking in its clarity—*no statement* shall be inspected until the witness has testified—that it could be interpreted to prohibit even *voluntary* discovery of the kind provided in this case. For decades, however, courts have noted the Government's common practice of proffering such material early on. *See, e.g.*, *United States v. King*, 521 F.2d 356, 358 (6th Cir.1975) (acknowledging that the "[t]he statements furnished to appellant before trial were voluntarily disclosed at a time well prior to the time appellant was legally entitled thereto under the Jencks Act").

Moreover, while Defendant Johnson's desire to learn the identities of the individuals interviewed by the Government is understandable, defendants are "not entitled to know, in advance of trial, who is going to testify for the government." *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir.1979). Therefore, the Government's decision to redact the first and last names of the witnesses and identify each witness by his or her initials in the FBI 302 memoranda of interviews does not contravene any duty

the Government currently owes to Defendants with respect to pre-trial discovery. Defendant Johnson's contention that under "our system of justice . . . [a] defendant should have the names of his accusers and the information they claim to inculpate the defendant sufficiently in advance of trial in order to prepare a defense," (Def. Johnson's Reply 4), is simply wrong. Here, the Government has acknowledged its obligation under the Jencks Act to turn over the statements of any witness who will ultimately testify at trial. (Gov't's Resp. To Def. Johnson's Mot. Discovery 9.) Until the Government calls such witnesses to testify, it is not mandated by the Constitution or the Jencks Act to disclose the identity of its witnesses or to produce unredacted versions of their statements.

The Government has further stated that it has already complied and will continue to comply with its responsibilities under Rule 16 and *Brady*. Rule 16 requires the Government, upon a defendant's request, to disclose "the substance of any relevant oral statement made by the defendant . . . in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial," Fed. R. Crim. P. 16(a)(1)(A), and to make available for inspection or copying certain written or recorded statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(B). According to the Government, such disclosures have already been made to Defendants. (Gov't's Resp. to Def. Johnson's Discovery Mot. 8 n.3.) Under the *Brady* rule, the Government has an "obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (citing *United States v. Agurs*, 427 U.S. 97, 96 (1976) and *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). The Government, however, "typically

is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. Thus, when a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Ritchie*, 480 U.S. at 59 (footnote omitted). Accordingly, because "the government has represented that it will comply with all of its *Brady* obligations in time for effective use of the *Brady* material at trial," the court will not enter an order compelling pre-trial discovery. *Presser*, 844 F.2d at 1283.

In spite of Defendant Johnson's argument that "[t]he Government's approach in this case . . . is not the way our system of justice is supposed to work," (Def. Johnson's Reply 4), the Government has at this stage of the proceedings actually exceeded any statutory or constitutional obligations it has to produce pre-trial discovery. Indeed, at the request of Defendant Johnson, the Government submitted to the court for *in camera* review unredacted versions of the produced discovery to confirm that the redactions comported with its duties under *Brady*, the Jencks Act, and Rule 16. The court has reviewed the discovery and, based upon its understanding of the facts of the case and the apparent relationship of the various Defendants at this point—the court's understanding is admittedly not encyclopedic—concludes that the Government has not contravened the *Brady* rule or any other discovery obligation.

Defendants are not entitled to unredacted versions of the documents produced by the Government. Accordingly,

IT IS ORDERED that Defendant Brandon Ray Johnson's motion for discovery

[Dkt. # 91] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 12, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, April 12, 2012, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522