UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 11-20551-4

VERNON LEE MASON IV, et al.,

    Defendants.
                                              /

**ORDER STRIKING "MOTION FOR REVOCATION OF DETENTION ORDER"**

On June 26, 2012, the Clerk of the Court docketed a "Motion for Revocation of Detention Order." The court will strike the *pro se* motion because, at the time of the filing, Defendant Vernon Mason IV was represented by counsel. Thus, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while simultaneously being represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2d Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in

simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g., United States v. Olson,* 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels,* 572 F.2d at 540; *Ennis,* 560 F.2d at 1075; *Williams,* 534 F.2d at 123; *United States v. Hill,* 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.,* 89 F.R.D. 521, 523 n.1 (E.D. Pa.1981); *United States ex rel. Snyder v. Mack,* 372 F.Supp. 1077, 1078-79 (E.D. Pa.1974); *cf. Storseth v. Spellman,* 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writ-writer). In light of this case law, the court will only accept motions filed by Defendant's attorney of record. Accordingly,

IT IS ORDERED that Defendant's "Motion for Revocation of Detention Order" [Dkt. # 148] is hereby STRICKEN from the docket of this court.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-20551.MASON.Strike.Pro.Se.Mot.Represented.jrc.wpd