**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 11-20551-25, 26, 31

KRINA PATEL (D-25), SANJAY PATEL (D-26),
and JAVAR MYATT-JONES (D-31),

    Defendants.
_____/

**ORDER FOR HEARING ON JOINT REPRESENTATION PURSUANT TO RULE 44(c)**

Three Defendants in this case are jointly represented by a single attorney, James Burdick. Federal Rule of Criminal Procedure 44(c) provides as follows in cases of joint representation:

    (1) Joint representation occurs when:

        (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and

        (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.

    (2) The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Joint representation in any criminal case presents the potential for a conflict of interest; the court is required to "promptly inquire" even if counsel does not raise the issue.

The court notes that court-appointed counsel is available if needed (and assuming a defendant qualifies financially) to represent a defendant or to consult with a defendant concerning dual representation.

Any defendant who proposes to waive possible conflicts of interest resulting from joint representation must do so on the record and under oath. In appropriate situations, a court may disqualify an attorney despite a defendant's proposed waiver of the right to conflict-free counsel even if the waiver is voluntary, knowing, and intelligent. *See Wheat v. United States*, 486 U.S. 153, 163 (1988) ("[T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). The court intends to strongly recommend against dual or joint representation and is inclined to prohibit joint representation. Accordingly,

IT IS ORDERED that a hearing shall be held in order to so advise Defendants in person as required by Rule 44(c) and to consider any proposed waiver of the right to separate counsel.

The court cautions that an attorney proposing to jointly represent co-Defendants must be prepared with reasoned analysis to argue that "there is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P. 44(c)(2). The court must conclude that, under the particular circumstances of this case, there is no reasonable

possibility that a conflict could arise that could result in a lack of effective assistance of counsel or other prejudice to any of the Defendants.

The court's case manager will promptly schedule a hearing consistent with this Order. In the event that Defendants retain additional, separate counsel, and the purpose of the hearing is thus rendered moot, original counsel must promptly notify the court, and the second counsel must file an appearance forthwith.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 4, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522